IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| v. ) | 2:09-cr-024-WHA |
| ) | [wo] |
| JOHN ALBERT FLORES ) | |

## ORDER

Pending before the Court are the United States's *Motion for Reconsideration of Order* (Doc.29, filed 4/9/09), and the Defendant's *Response to Government Motion for Reconsideration of Order for Production* (Doc. 35, filed 4/20/09).

### I.  BACKGROUND

On February 10, 2009, Corporal J.S. Dunn ("Dunn") of the Montgomery Police Department initiated a traffic stop of Defendant John Flores's ("Flores") truck because it was following the automobile ahead of it too closely.[1] During the course of the stop, Dunn received consent from Flores to look into the truck.[2] While searching the trailer, Dunn discovered a quantity of cocaine which is the subject of Defendant's pending *Motion to Suppress*. (Doc. 19, filed 3/17/09). Flores is a United States citizen of Mexican ancestry.[3] Section IV of the suppression motion asserts Flores's ethnicity motivated Dunn to use the

---

[1] Tr. at 100

[2] Tr. at 112-13.

[3] Tr. at 12.

stop as a pretext to investigate criminal activity, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Doc. 19, at 12. During the course of the suppression hearing, Flores requested the United States produce (1) the February 10, 2009 log sheet created by Dunn during the course of his work day, and (2) Corporal Dunn's log sheets and ticket books for the last 6 (six) months. Flores theorized certain information in these records might buttress his equal protection/racial profiling claim. The Court issued an oral order for the documents to be produced in spite of a timely oral objection by the United States.[4]

The United States filed a written *Motion for Reconsideration of Order*. (Doc. 29, filed 4/9/09). A telephonic hearing was conducted and Flores later filed a written response to the motion. (Doc. 35, filed 4/20/09).

## II. DISCUSSION AND ANALYSIS

The *Motion for Reconsideration* first cites *Whren v. United States*, 516 U.S. 806, 116. S.Ct. 1769 (1996) in its effort to have the Court reverse its order. *Whren* states "the Constitution prohibits selective enforcement of the law based on considerations such as race. But the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment. Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." 516 U.S. at 813. Consequently, the United States argues, Flores's request for Dunn's log in support of his

---

[4]Tr. at 188-89; 238.

equal protection claim must fail because under *Whren*, Dunn's motivations for the stop and search are irrelevant to the issue of suppression, a Fourth Amendment remedy. (Doc. 29, at 2-3). A second argument put forth by the Government is that Dunn's log and tickets are in the possession of the City of Montgomery, not the federal government, and therefore the United States is unable to comply with the Order. (Doc. 29, at 4.)[5]

Flores's *Response* acknowledges *Whren*'s statement limiting the suppression remedy to Fourth Amendment violations, and concedes he "may not have met that threshold in his claim of racial discrimination." (Doc.35, at 2.) Undeterred, Flores advances five alternative arguments for production of Dunn's log sheet for February 10, 2009, and tickets issued by him for the previous six months.

## *Federal Rule of Evidence 610*

Flores argues religious discrimination as the first basis for production, because Dunn testified his suspicions were heightened because Flores displayed a rosary and a large cross in his truck. Dunn interpreted Flores's display of these religious items as an attempt to project a "good-guy" image.[6] Flores cites Federal Rule of Evidence 610 as grounds to obtain the log and tickets because Dunn's testimony shows he made a credibility determination about Flores based on his religious beliefs. (Doc. 35, at 3.)

The Rule provides "[E]vidence of the beliefs or opinions of a witness on matters of religion is not admissible for the purpose of showing that by reason of their nature the

---

[5]Dunn had a copy of the February 10 log sheet at the suppression hearing. Tr. at 188.

[6]Tr. at 106-07.

witness' credibility is impaired or enhanced." F.R.E. 610.  The prohibition against using a witness' religious views to judge credibility is inapplicable.  Dunn did not testify his suspicions hinged on the religious belief of Flores or the lack of religious beliefs by Flores.  Indeed, no rational person could discern whether Flores held beliefs consistent with Catholicism or any other religion from the observation and testimony of Dunn.  Dunn testified that the placement and size of the religious items, in his view, was consistent with an effort by Flores to project an image which might deter an officer from raising their level of suspicion.

Further, when Dunn formed suspicions based on the placement of Flores's religious items, Flores was not a witness in a federal proceeding where the rule would apply.  *See* F.R.E. 101 and 1101 (limiting the application of the rules to proceedings conducted in the courts of the United States.)  Finally, Rule 610 is not authority for the production of any document related to any possible violation of its provisions.  Thus, Rule 610 does not apply to Dunn's view of Flores's religious items.

*Federal Rule of Evidence 612*

The second alternative raised by Flores as to the log sheet is Federal Rule of Evidence 612.  That rule provides

> Except as otherwise provided in criminal proceedings by section 3500 of title 18, United States Code, if a witness uses a writing to refresh memory for the purpose of testifying, either -
>
>  (1) while testifying, or
>  (2) before testifying, if the court in its discretion determines it is necessary in the interest of justice.

> An adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness.

F.R.E. 612.[7] Dunn testified he reviewed his log which showed how many traffic stops he initiated on February 10, 2009, and the traffic violations which prompted the stops.[8] Dunn's use of the log to prepare for testimony qualifies the log as a writing used to refresh memory, and therefore appropriate for production under Rule 612.

*The Jencks Act*

The third alternative advanced by Flores is the log sheet is discoverable under the Jencks Act because Dunn "reviewed his log sheets prior to the hearing, therefore the logs are statements that relate to the subject matter upon which the witness testified." (Doc. 35, at 4.) The Jencks Act states in relevant part as follows:

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b). The statute specifically defines "statement" as

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription

---

[7]The Court is unaware of any prohibition in 18 U.S.C. § 3500 which applies to the writing at issue.

[8]Tr. at 137-38.

>thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making os such oral statement; or
>(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).

Although Dunn testified as to the other stops he made on the day he stopped Flores, and his daily log would reveal additional information about those stops, the log is not a "statement" within the context of the Jencks Act. It is neither a written statement adopted by Dunn, a recording or transcription of some statement made by him, nor during testimony before a grand jury. It is a record of police activity, as opposed to a written or recorded statement.

### *Federal Rule of Criminal Procedure 16(a)(1)(B)*

The final argument put forth for disclosure of the log sheet must fail because the testimony does not support the premise put forth by Flores. Rule 16(a)(1)(B) addresses disclosure of a defendant's written or recorded statement, and Flores conditions his access under this rule upon whether "the logs contain any notes [Dunn] recorded regarding any statements made by the defendant." (Doc. 35, at 4.) The facts do not indicate Dunn used the log to record any statement by Flores, and it is therefore not covered by this rule. *See* Fed. R. Crim. P. 16(a)(1)(B).

### *Public Records*

Lastly, Flores asserts he is entitled to review the tickets written by Dunn because they

qualify as public records under Alabama state law, which defines "public records" as including

> all written, typed or printed books, papers, letters, documents and maps made or received in pursuance of law by the public officers of the state, counties, municipalities and other subdivisions of government in the transactions of public business and shall also include any record authorized to be made by any law of this state belonging or pertaining to any court of record or any other public record authorized by law or any paper, pleading, exhibit or other writing filed with, in or by any such court, office or officer.

§ 41-13-1, Ala. Code 1975.  The tickets issued by Dunn, a Montgomery Police officer, may fall within the definition of documents made by public officers of a municipality or other subdivision of government.  However, as explained in the Government's *Motion to Reconsider*, the tickets issued by Dunn are maintained by the City of Montgomery and/or the Montgomery Police Department, and any request for these documents should be directed toward the entity in possession of the tickets.  (Doc. 29 at 4).

### III. CONCLUSION

Accordingly, the Court hereby **GRANTS in part and DENIES in part** the United States's *Motion for Reconsideration of Order* (Doc.29), and modifies its oral Order of April 7, 2009 as follows:

(1)  The United States's objection to providing Flores the February 10, 2009 log sheet created by Officer Dunn is **OVERRULED, and it is hereby ORDERED** that the United States provide said document to the defense no later than **May 8, 2009**; and

(2) The United States's objection to providing Flores copies of the tickets written

by Officer Dunn for the six months prior to February 10, 2009 is **SUSTAINED, and the United States is no longer required to produce those documents to Flores.**

DONE this 5th day of May, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE