IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 2:09cr24-WHA |
| JOHN ALBERT FLORES | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #41), recommending that the Defendant's Motion to Suppress be denied, together with Defendant's Objection thereto (Doc. #42).

The facts of this case are fully set out in the Magistrate Judge's Report and Recommendation. In summary, the Motion to Suppress concerns statements and evidence obtained as a result of a *Terry* stop and subsequent search of a tractor-trailer.

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered his report and recommendation. In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing; examining the exhibits, which include the recording of the stop which was admitted as Defendant's exhibit one; and fully considering the objections of the Defendant. *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). "Credibility findings of a magistrate judge, 'who personally observed and listened to the testimony of live

witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings,* 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D. Del.1984)). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S.*, 896 F.2d at 513. If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings. *Id.*

After reviewing the record, reading the transcript of the evidentiary hearing, and watching the recording of the *Terry* stop at issue, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments.

The Defendant has set forth some objections or clarifications to the findings of fact in the Report and Recommendation which consist of possible minor overstatements of the facts as presented in the evidentiary hearing.  For instance, the Magistrate Judge found that Officer Dunn saw Flores wipe sweat from his brow, whereas Officer Dunn testified that Flores kept wiping his face as if he were sweating, but he was not really sweating.  None of the corrections pointed to are significant to the legal findings, and the court finds no reason to question the findings of the Magistrate Judge upon which the legal conclusions are based or to order a new evidentiary hearing to take additional evidence.  *See United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (stating "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination."), *cert. denied*, *Wescott v. U.S.*, 463 U.S.

1212 (1983); *United States v. Cofield*, 272 F.3d 1303 (11th Cir. 2001) ("a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings.").

Defendant's legal objections are to the conclusions that the scope and duration of the *Terry* stop and search executed in this case were within constitutional limits.  The Defendant objects that the stop was unnecessarily extended because Officer Dunn asked for consent to search after he had given Flores a written warning for following a vehicle too close.  The court agrees with the Magistrate Judge that the evidence supports a conclusion that in this case "[l]engthening the detention for further questioning beyond that related to the initial stop is permissible . . . . [because] the initial detention has become a consensual encounter." *United States v. Pruitt*, 174 F.3d 1215, 1220 (11th Cir. 1999).  The court also agrees that the facts as found by the Magistrate Judge support the conclusion that the resulting search did not exceed the scope of Flores' consent.  *See United States v. Martinez*, 949 F.2d 1117, 1120 (11th Cir. 1992) (scope of general consent to search a warehouse for narcotics included search of a locked trunk of a car located in the warehouse).  Accordingly, the court agrees with the Report and Recommendation of the Magistrate Judge that the Motion to Suppress is due to be DENIED.

It is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. Defendant's Motion to Suppress is DENIED.

DONE this 20th day of July.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE